**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF  DIVISION**

**TYRONE ELLIS,**
**ADC #149250**                                                                                    **PLAINTIFF**

**V.**                              **CASE NO. 5:15-CV-191-KGB-BD**

**NWANNEM OBI-OKOYE, et al.**                                               **DEFENDANTS**

**RECOMMENDED DISPOSITION**

## I.    Procedures for Filing Objections:

This Recommended Disposition ("Recommendation") has been sent to Judge

Kristine G. Baker.  You may file written objections to this Recommendation.  If you file

objections, they must be specific and must include the factual or legal basis for your

objection.  Your objections must be received in the office of the United States District

Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without

independently reviewing the record.  By not objecting, you may also waive any right to

appeal questions of fact.

## II.    Background:

Tyrone Ellis, an Arkansas Department of Correction inmate, filed this case *pro se*

under 42 U.S.C. § 1983, claiming that Defendants Nwannem Obi-Okoye, Brett Butler,

Geraldine Campbell, Aric Simmons, and Melissa Mansfield acted with deliberate

indifference to his serious medical needs.  (Docket entry #2)  Defendants have now

moved for summary judgment on all of Mr. Ellis's claims (#88), and Mr. Ellis has responded (#97).

## III.   <u>Discussion</u>:

A.     Summary Judgment Standard

Summary judgment means that the court rules in favor of a party without the need for a trial.  A party is entitled to summary judgment if the evidence, viewed in the light most favorable to the non-moving party (the other side of the lawsuit), shows that there is no genuine dispute as to any fact that is important to the outcome of the case.  See FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).

Here, the Defendants have moved for summary judgment, so they must produce evidence showing that there is no real dispute about any fact that is important enough to make a difference in how the case is decided.  If they meet this burden, Mr. Ellis must respond by producing evidence that contradicts the Defendants' evidence.  *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  If Mr. Ellis does not come forward with enough evidence to show that there is a real dispute, the Court must grant summary judgment in favor of the Defendants, and there will be no trial.  *Celotex Corp.,* 447 U.S. at 322–23, 106 S.Ct. at 2552.

B.      Deliberate-Indifference Claim

On December 18, 2013, Mr. Ellis broke the fire sprinkler in his cell, which caused a mixture of oil and water to fall on his skin.  (#89, Ex. B)  Mr. Ellis was put on behavior control for seventy-two hours, and he was not able to shower during that time.  (#89, Ex. B)  Mr. Ellis did not use the sink in his cell to wash the oil and water mixture off his skin, but rather waited until he was provided a towel and shower, seventy-two hours after the incident.  (#89, Ex. B)  Mr. Ellis then noticed a rash had developed on his skin.  (#2)

On December 21, 2013, nurse Key (not a party to this lawsuit) noted that Mr. Ellis complained of a rash, so she instructed Mr. Ellis to file a sick-call form.  (#89, Ex. A & C)  On December 23, 2013, Mr. Ellis submitted a sick-call form complaining of itching and irritated skin caused by the liquid from the burst sprinkler.  (#89, Ex. A & C)

On December 27, 2013, Defendant Mansfield signed the December 21, 2013 sick-call form.  She noted that Mr. Ellis complained of itchy skin from the oily substance of the sprinkler.  Defendant Mansfield noted that Mr. Ellis requested to see a provider for a special lotion, but she did not see any skin problems at that time.  (#89, Ex. A & C)  Mr. Ellis testified in his deposition that he never saw Defendant Mansfield on that day.  (#89, Ex. B., p. 48)

On January 8, 2014, Mr. Ellis again submitted a sick-call form complaining that the oil from the sprinkler was causing his skin to burn.  As a result, Mr. Ellis was referred to a provider.  (#89, Ex. A & C)  On January 14, 2014, Mr. Ellis submitted another sick-

call form complaining of dry skin and skin irritation from being exposed to the sprinkler contents.  (#89, Ex. A & C)

On January 22, 2014, Mr. Ellis was examined by Defendant Campbell for complaints of a rash on his neck, chest and back.  Defendant Campbell assessed Mr. Ellis as having tinea veriscolor, a chronic and benign skin condition that is caused by the over production of natural yeast.  (#89, Ex. C)  Defendant Campbell had previously diagnosed this condition in Mr. Ellis on September 3, 2013.  She prescribed the same treatment as she had in 2013, that is, application of selenium sulfide shampoo for thirty days. (#89, Ex. A & C)  The shampoo resolved Mr. Ellis's rash.  (#89, Ex. B, p. 21)

Tinea veriscolor does not typically cause itching, according to Dr. Floss.  Dr. Floss opined that, in his medical opinion, Mr. Ellis's itching was likely due to going long periods without taking a shower or washing the oil and water mixture off after he came into contact with it.  (#89, Ex. C)

During the time at issue in this case, that is, from December 18, 2013 until January 22, 2014, Mr. Ellis saw nurses and providers regarding chest pains and was routinely seen by nurses on segregation rounds.  (#89, Ex. A & C)  At no time did he report to the nurses on segregation rounds or to the nurses or doctors seeing him for chest pains, including Defendants Obi-Okoye and Campbell, that he had a rash or itching.  (#89, Ex. A & C)  In his deposition, Mr. Ellis conceded that he did not mention the rash and itch during that

time because the medical providers would only have told him to fill out a sick-call form. (#89, Ex. B)

        2.     Discussion

Determining whether an official was deliberately indifferent to an inmate's medical needs involves both objective and subjective analyses. *Scott v. Benson*, 742 F.3d 335, 339–40 (8th Cir. 2014). To prevail, Mr. Ellis first must establish that he suffered from an objectively serious medical need. *Id*. at 340. Because Defendants do not argue that Mr. Ellis suffered from a serious medical need, the Court will turn to the subjective component of the deliberate-indifference standard.

For Defendants to be liable, Mr. Ellis must show that the Defendants "actually knew of but deliberately disregarded [his] serious medical need." *Id*. This showing requires a mental state "akin to criminal recklessness." *Id*. (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). Mr. Ellis must show "more than negligence, more even than gross negligence." *Fourte v. Faulkner County, Ark*., 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)). He must show that the Defendants' actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240-41 (8th Cir. 1997).

The Constitution does not require jail officials to handle every medical complaint as quickly as the inmate might wish. *Jenkins v. Country of Hennepin, Minn*., 557 F.3d

628, 633 (8th Cir. 2009).  To sustain a delay of medical care claim, Mr. Ellis must present

verifying medical evidence to show the objective seriousness of the delay.  *Laughlin v.*

*Schriro*, 430 F.3d 927, 929 (8th Cir. 2005).  Stated another way, Mr. Ellis would have to

show that the delay in medical treatment adversely affected his prognosis, or that these

Defendants ignored an acute or escalating situation.  *Roberson v. Bradshaw*, 198 F.3d

645, 648 (8th Cir. 2001).

Mr. Ellis has not met his burden to come forward with evidence that Defendants

Obi-Okoye, Butler, Simmons, or Campbell were deliberately indifferent to his medical

needs.  The undisputed evidence in the record shows that Mr. Ellis did not report his

condition to any of these Defendants until he reported his symptoms to Defendant

Campbell on January 22, 2014.  He concedes that the treatment he received at that time

resolved his skin problems.

Defendant Mansfield signed Mr. Ellis's sick-call form on December 27, 2013, so

she did have notice that Mr. Ellis complained of itchy, irritated skin and that he asked to

see a provider.  Ms. Mansfield's notes indicate that she observed no skin problems at that

time.  Mr. Ellis states, however, that she never examined him on December 27, 2013.  His

claim is that she is responsible for his delay in treatment from December 27, 2013 until

January 22, 2014.  (#89, Ex. B, p.65-66)

Mr. Ellis concedes that during that delay, he saw Dr. Obi and Ms. Campbell for

other health issues, but did not mention skin problems.  (#89, Ex. B, p. 66)  For example,

the records show that on January 4, 2014, Mr. Ellis was examined by Nurse Kiboloski, then by Dr. Obi for his complaints of chest pain.  (#89, Ex. C, p. 3; Ex. A p. 10)  In response to his January 14, 2014 complaint of dry skin and skin irritation request, Mr. Ellis was examined on January 18, 2014, by Nurse Reese, who provided Mr. Ellis with hydrocortisone cream.  (#89, Ex. C, p. 4 & Exhibit A, p. 25)

Mr. Ellis does not complain about the treatment he received on January 22, 2014; rather, he complains about the twenty-nine day delay in receiving treatment.  Mr. Ellis has failed to demonstrate that the delay in receiving medical treatment adversely affected his prognosis or that any Defendant ignored an acute or escalating situation.  At most, Mr. Ellis experienced a non-serious delay in receiving treatment.  Based on the evidence, no reasonable jury could find that any of the Defendants acted with deliberate indifference to Mr. Ellis's medical needs.  For that reason, his claims should be dismissed.

## IV.   Conclusion:

The Court recommends that the Defendants' motion for summary judgment (#88) be GRANTED.  Mr. Ellis's claims should be DISMISSED, with prejudice.

DATED this 31st day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE