**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**TYRONE ELLIS,**
**ADC #149250**                                                              **PLAINTIFF**

**v.**                         **Case No. 5:15-cv-191 KGB/BD**

**NWANNEM OBI,** *et al*.                                                    **DEFENDANT**

<u>**ORDER**</u>

The Court has received a Recommended Disposition ("Recommendation") filed by United States Magistrate Judge Beth Deere (Dkt. No. 100).  Plaintiff Tyrone Ellis has filed objections (Dkt. No. 102).  After careful review of the Recommendation and the timely objections received thereto, as well as a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings with one modification.  The Recommendation states that "[d]efendants do not argue that Mr. Ellis suffered from a serious medical need" (Dkt. No. 100, at 5).  However, in their brief in support of motion for summary judgment, defendants Brett Butler, Geraldine Campbell, Melissa Mansfield, Nwannem Obi-Okoye, and Aric Simmons argue that Mr. Ellis "cannot prevail on a claim of deliberate indifference, as he can not [sic] show the required objective element of a deliberate indifference claim (that the need and the deprivation was serious)" (Dkt. No. 90, at 7). Therefore, the Recommendation is not adopted to the extent that it finds that the defendants did not argue that Mr. Ellis failed to show that the deprivation of timely medical care was objectively serious.

This modification does not prevent the Court from adopting the Recommendation in all other respects, as it only provides an additional basis for granting the defendants' motion for summary judgment.  Mr. Ellis's deliberate indifference claim is based on a delay in medical

treatment, meaning the Court must "measure 'the objective seriousness of the deprivation . . . by reference to the *effect* of delay in treatment.'"   *Jackson v. Riebold*, No. 14-2775, 2016 WL 722947, at *4 (8th Cir. Feb. 24, 2016) (emphasis in original) (quoting *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005)).   To establish the effect of the delay in treatment, "the inmate 'must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment[.]'"   *Id.* (alteration in original).   Without medical evidence showing that the delay in treatment had a detrimental effect, the plaintiff fails to raise a genuine issue of fact on an essential element of his deliberate indifference claim.   *Id.*   In this case, Mr. Ellis presents no medical evidence demonstrating that any alleged delay in treatment had a detrimental effect. Therefore, in addition to the reasons stated in the Recommendation, defendants are entitled to summary judgment based on Mr. Ellis's failure to raise a genuine issue of material fact regarding whether the alleged deprivation was objectively serious.

Accordingly, it is so ordered that:

1.      The Recommendation is approved and adopted, as modified (Dkt. No. 100).

2.      Defendants' motion for summary judgment is granted (Dkt. No. 88).

3.      Mr. Ellis's claims are dismissed with prejudice.   All pending motions are denied as moot.

Dated this 13th day of September, 2016.

*Kristine G. Baker*
_____
Kristine G. Baker
United States District Judge